UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VALERIO MELESIO DOMINGO
CINTO,

        Petitioner,

    v.                                Case No.:  2:26-cv-01415-SPC-DNF

MARKWAYNE MULLIN *et al.*,

        Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Valerio Melesio Domingo Cinto's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 12). For the below reasons, the Court denies the petition.

Domingo Cinto is a native of Guatemala. An immigration judge ordered him removed from the United States on May 13, 2010. He re-entered on October 30, 2017, and was convicted of illegal re-entry on February 27, 2018. An immigration judge ordered him removed on April 30, 2018, and he departed on May 21, 2018. Domingo Cinto re-entered the United States without detection on June 25, 2021. Immigration and Customs Enforcement ("ICE") commenced full removal proceedings on October 3, 2025, by issuing a notice to appear.

On February 11, 2026, ICE arrested Domingo Cinto during a traffic stop and reinstated the April 30, 2018 removal order. An immigration judge

dismissed the full removal proceeding the next day.  Domingo Cinto has been detained at Alligator Alcatraz since reinstatement.  His petition argues his detention is governed by 8 U.S.C. § 1226(a).  It does not mention the prior entries, removal orders, and departures.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Reinstatement is governed by § 1231(a)(5).  A removal order becomes administratively final upon reinstatement, which commences a new 90-day removal period. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534-35 (2021).

8 C.F.R. § 241.8 establishes the process due when the government reinstates a removal order.  ICE followed the proper procedure here by giving Domingo Cinto written notice of its intent to reinstate the removal order and the reason for reinstatement and giving him an opportunity to contest reinstatement.  *See* 8 C.F.R. § 241.8(a)-(b).  He was not entitled to additional process, like a bond hearing. *See Guzman Chavez*, 594 U.S. at 533-34.

In sum, Domingo Cinto's detention is authorized by § 1231, and ICE has afforded him the process due under the applicable regulations.  Domingo Cinto is not entitled to habeas relief.

Accordingly, it is hereby

**ORDERED:**

Valerio Melesio Domingo Cinto's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record